IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHERLON EVANS | * | |
| v. | * | CIVIL ACTION NO. CCB-16-928 |
| UNITED STATES OF AMERICA | * | |

*****

MEMORANDUM

This 28 U.S.C. § 2241 petition was filed almost 21 years after the entry of Sherlon Evans' ("Evans") federal convictions in Florida. He asks that his sentence be vacated or his case be remanded for resentencing to time served. ECF No. 1 at 8.[1]

On November 4, 1994, after a jury trial held in the United States District Court for the Southern District of Florida, Evans was convicted of conspiracy to possess with intent to distribute cocaine, use of firearms in the commission of a felony, possession of unregistered firearms, and intimidation of witnesses and jurors in violation of 21 U.S.C. § 841, 18 U.S.C. § 924, 26 U.S.C. § 5861, and 18 U.S.C. § 1512. *See United States v. Evans*, No. 93-0123-6 (S.D. Fla.). Judgment was entered on June 14, 1995, and Evans was sentenced to a total of 684 months in the United States Bureau of Prisons. *Id*. at ECF No. 316. On September 2, 1999, the United States Court of Appeals for the Eleventh Circuit affirmed the criminal judgment. *See United States v. Evans*, 194 F.3d 1322 (11th Cir. 1999).

According to the Public Access to Court Electronic Records ("PACER") docket, on September 26, 2001, Evans filed a 28 U.S.C. § 2255 motion to vacate in the United States District Court for the Southern District of Florida. *See Evans v. United States*, No. 01-4002 (S.D. Fla.). He

---

[1] All documents are referenced by their electronic pagination.

raised an ineffective assistance of counsel claim premised on appellate counsel's failure to attack the absence of a *Pinkerton*[2] instruction. He further challenged his cocaine conviction on the ground that the indictment failed to allege the amount of cocaine involved in the offense. The motion was fully briefed and denied on the merits by the district court on May 16, 2002. *See Evans v. United States*, No. 01-4002 (S.D. Fla.) at ECF No. 24. The Eleventh Circuit dismissed the appeal on January 29, 2004. *Id.* at ECF No. 38; *see also Evans v. United States*, 92 Fed. Appx. 780 (11th Cir. 2004).

On July 11, 2005, while incarcerated in Leavenworth, Kansas, Evans filed a 28 U.S.C. § 2241 petition in the United States District Court for the District of Kansas, pursuant to the "savings clause" of 28 U.S.C. §2255(e).[3] *See Evans v. Gallegos*, Civil No. 05-3304 (D. Kan.). He claimed the evidence was insufficient to support his 30-year sentence for the carrying of a co-defendant's machine gun given the Supreme Court's ruling in *Castillo v. United States*, 530 U.S. 120 (2000) and the Tenth Circuit's decision in *United States v. Wiseman*, 297 F.3d 975 (10th Cir. 2002). On June 16, 2006, the district court dismissed the petition for lack of jurisdiction. *See Evans v. Gallegos*, No. 05-3304 (D. Kan.) at ECF No. 6.

On April 7, 2014, Evans filed another 28 U.S.C. § 2241 petition challenging his judgment and sentence in the United States District Court for the Middle District of Pennsylvania. He requested relief under the 2255(e) "savings clause." *See Evans v. Stewart*, No. 14-642 (M.D. Pa.) at ECF No. 1. On April 23, 2014, the case was transferred to this court because Evans was confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). The case was

---

[2]   *See Pinkerton v. United States*, 328 U.S. 640 (1946).

[3]   28 U.S.C. § 2255(e) provides that "[a]n application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the

received for filing on April 29, 2014 and instituted as *Evans v. Stewart*, No. 14-1430 (D. Md.). Evans attacked his 18 U.S.C. § 924 conviction and sentence on the basis of the government and federal courts' "ambiguous interpretation" of § 924's application to the machine gun carried by his co-defendant. *Evans v. Stewart*, No. 14-1430 (D. Md.) at ECF No. 1 at 9.  He complained that he was not charged with the offense and the government failed to prove his *mens rea* as to his co-defendant's machine gun. *Id*.  In addition, he further claimed that the Bureau of Alcohol, Tobacco, Firearms and Explosives violated the Equal Protection Clause and subjected him to entrapment. *Id*. at 14-18.  On May 7, 2014, I dismissed the petition without prejudice and declined to issue a certificate of appealability, finding that Evans' reliance on the savings clause of § 2255(e) to file a § 2241 petition was improper. *Evans v. Stewart*, No. 14-1430 (D. Md.) at ECF No. 7.

On March 28, 2016, Evans, who remains incarcerated at FCI-Cumberland, filed another § 2241 petition attacking his 1995 Florida federal conviction.  ECF No. 1. It was instituted as the above-captioned case.  Evans claims that he is "actually innocent of conviction on sentence" according to the January 27, 2014 Supreme Court ruling in *Burrage v. United States*, 134 S.Ct. 881 (2014), which holds that "aggravating factors is an element of 21 U.S.C. § 841(a)(1)." *Id*. at 6. He claims that he was:

> convicted on [a] sentence based on the district court preponderance of evidence, finding that 300 kilograms of cocaine were involved in the offense, under 841(a)(1) Court sentenced [Evans] to 22 years imprisonment, increased his statutory minimum under 21 U.S.C. § 841(b)(1)(c) - which is constitutional  according to interpretation of statute 841.

*Id*. at 7.

---

applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Evans argues that the § 2255 remedy is inadequate and ineffective to test the legality of his conviction. ECF No. 1 at 5. In support of his argument, he claims that under "settled" law in the Eleventh Circuit and Supreme Court at the time of his trial, sentencing, direct appeal, and first § 2255 motion, the law "squarely foreclosed his claim" because *Burrage* had not yet been decided. *Id*. He asserts he is "actually innocent of conviction on sentence, that increased his statutory minimum under [§] 841(b)(1)(c)." *Id*.

It remains clear that the primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). A § 2241 petition is used to attack the manner in which a sentence is executed. *Id*. Thus, a § 2241 petition that challenges a federal conviction and sentence, such as Evans' filing, is properly construed as a § 2255 motion.

The only exception to this is where the savings clause allows a § 2241 habeas petition to proceed because "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e). The remedy afforded by § 2255 is not inadequate or ineffective merely because the inmate is unable to obtain relief under § 2255. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). Thus, § 2255 is not rendered inadequate or ineffective because of a statute of limitations bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. *See id*. Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not

4

to be criminal; and

(3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones,* 226 F.3d 328, 333–34 (4th Cir. 2000).

For instance, such relief is available where a prisoner is imprisoned for an offense which is no longer a crime. *See United States v. Surratt*, 797 F.3d 240, 247-48 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015). The savings clause of § 2255 is confined "to instances of actual innocence of the underlying offense of conviction," not "innocence" of a sentencing enhancement. *Darden v. Stephens*, 426 Fed. App'x 173, 174 (4th Cir. 2011) (declining to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender).

Thus, Evans may not rely on the savings clause provision of § 2255(e). The Fourth Circuit has "not extended the reach of the [§ 2255(e)] savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008). Otherwise, the rule prohibiting second and successive § 2255 motions, 28 U.S.C. § 2255(h), would be rendered meaningless.

As noted, Evans filed a previous § 2255 motion which was dismissed on the merits by the Florida federal district court. A second or successive § 2255 motion must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Evans has provided no evidence that he has secured this necessary authorization from the Eleventh Circuit.[4] That circuit court must first enter an order authorizing the successive filing. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

The Eleventh Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The Clerk shall provide a packet of instructions promulgated by the Eleventh Circuit which addresses the procedure to be followed should Evans wish to seek authorization in the appellate court to file a successive § 2255 motion. It is to be emphasized that Evans must file the motion with the Eleventh Circuit and obtain authorization to file his successive motion.[5]

Evans has no absolute entitlement to appeal the dismissal of his § 2241 petition. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Evans "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The court declines to issue a certificate of

---

[4] The Eleventh Circuit docket shows that Evans has filed three post-judgment filings in that court. The first, filed on April 14, 2010, sought review of the district court's denial of his Rule 60(b) motion. *Evans v. United States*, No. 10-11650 (11th Cir.). The second, filed on April 29, 2010, sought review of the district court's denial of his petition for a writ of mandamus. *In re Evans*, No. 10-11933 (11th Cir.). The third, filed on March 15, 2016, remains pending and arose out of the March 2, 2016 denial of Evans' motion to reduce sentence under 18 U.S.C. § 3582. *United States v. Evans*, No. 16-11158 (11th Cir.) All three appeals were filed following rulings in Evans' district court criminal case. *See United States v. Evans*, No. 93-0123-6 (S. D. Fla.).

[5] The Eleventh Circuit is located at Elbert P. Tuttle Court of Appeals Building, 56 Forsyth Street, N.W., Atlanta, Georgia 30303.

appealability because Evans has not made the requisite showing.  The court will dismiss the petition without prejudice and close the case. A separate order follows.


Date: April 6, 2016                                        /S/
                                                Catherine C. Blake
                                                United States District Judge